UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TAMAYO TORRES, JR.,<br><br>                          Petitioner,<br>          v.<br>UNKNOWN, Warden,<br><br>                          Respondent. | Civil No.   08cv0405-BTM (WMc)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. In addition, the Petition suffers from numerous pleading deficiencies which require dismissal of the Petition. The Court will inform Petitioner of these pleading defects and grant him leave to file an amended Petition. If Petitioner wishes to proceed with this action, he must satisfy the filing fee requirement **and** file a First Amended Petition **no later than May 12, 2008.**

### FILING FEE REQUIREMENT

      Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than May 12, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of

his inability to pay the fee. The proper Southern District of California in forma pauperis application form will be provided to Petitioner along with a copy of this Order.

## FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted his Petition on a court-approved form. The correct forms are available free of charge from the Clerk of the Court, and one will be provided to Petitioner along with a copy of this order.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has failed to name any respondent. Although Petitioner names several correctional officers as "Defendants" (see Pet. at 10, 12), there is no one named as a Respondent, and no one named as a Defendant who appears to be Petitioner's immediate custodian. In order for this Court to entertain a Petition filed pursuant to 28 U.S.C. § 2254, Petitioner must name as Respondent his immediate custodian. Ortiz-Sandoval, 81 F.3d at 895; see also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). To the extent Petitioner intended the correctional officers he named as Defendants to be Respondents to this action, he has named improper Respondents because his immediate custodian is the Warden of the prison in which he is presently confined and/or the Director of the California Department of Corrections and Rehabilitation, not individual correctional officers.

**EXHAUSTION OF STATE COURT REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added).

Here, Petitioner has not indicated that he has exhausted state judicial remedies. Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct 132 (2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## HABEAS CORPUS JURISDICTION

Finally, it is unclear from the face of the Petition whether Petitioner intended to proceed in this action with a habeas petition or seeks to bring a civil rights action pursuant to 42 U.S.C.

§ 1983. Challenges to the fact or duration of confinement are properly brought by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for state prisoners; challenges to conditions of confinement which will not result in an immediate or speedier release from custody are properly brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

The allegations in the Petition relate to the conditions of Petitioner's confinement rather than a direct attack on his conviction. If Petitioner wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2254, he must allege that he is in custody pursuant to a state court judgment and that he intends to challenge the constitutional validity or duration of present confinement. See 28 U.S.C. 2254(a); Preiser, 411 U.S. at 500. However, if Petitioner is presenting a challenge to the conditions of his confinement and is not seeking immediate or speedier release, he should file a separate civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a separate civil case number.

## CONCLUSION

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the face of the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to satisfy the filing fee requirement, has failed to name a proper respondent, has failed to use a court-approved form, and has failed to allege exhaustion of state court remedies. The Petition is therefore **DISMISSED** without prejudice to Petitioner to file a First Amended Petition in which he attempts to cure the pleading defects

1 identified in this Order, and/or without prejudice to Petitioner to present his claims in a separate
2 civil rights Complaint filed pursuant to 42 U.S.C. § 1983 which will be given a separate civil
3 case number.

4     If Petitioner wishes to proceed with this case, he must submit, **no later than May 12,**
5 **2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the
6 fee **and** a First Amended Petition which cures the pleading defects identified in this Order. The
7 Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application
8 and a blank Southern District of California amended petition form to Petitioner along with a
9 copy of this Order.

10     **IT IS SO ORDERED.**

DATED:  March 11, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge